tablished, upon any public park domain or upon the water front of said park domains above Fifty-Ninth street within the city and county of New York."

The prohibition contained in this section is specifically directed towards the erection of objectionable structures "upon any public park domain or upon the water front of said park domains above Fifty-Ninth street." The land upon which it is proposed to erect the structure sought to be restrained is certainly no part of any public park domain, nor is it the water front of such park domain, for at the point in question Riverside Park has no water front. There are long stretches of park domain between Seventy-Second and 129th streets which, under the act of 1894, run down to and abut upon the Hudson river, and there are other parks above Fifty-Ninth street which also run down to and abut upon the water. As to all of these there is a water front of the park domain, but at the point at which it is proposed to construct the covered dump the park domain does not come within nearly or quite 200 feet of the water, and consequently it has no water front. It is not without significance that, although an open dump has been maintained for many years at the foot of Seventy-Ninth street, no one seems to have invoked the act of 1895 as a ground for enjoining its maintenance.

The moving papers are filled with allegations wholly irrelevant to the question involved in this appeal, and which for that reason we do not discuss. It is sufficient for the purpose of this appeal that we do not find that the proposed structure will constitute a nuisance in fact, or that its erection and maintenance are forbidden by law.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM, P. J., and DOWLING, J., concur. CLARKE, J., dissents.

---

SCHOENFELD v. MOTT AVE. REALTY CO. et al.   (No. 7394.)

(Supreme Court, Appellate Division, First Department.   June 4, 1915.)

PLEADING ⬅21—COMPLAINT—INCONSISTENT CAUSES OF ACTION.

    A complaint in an action for personal injury from falling into a cellar of a store, based both upon negligence and the maintenance of a nuisance, does not state inconsistent causes of action.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 44; Dec. Dig. ⬅21.]

    Ingraham, P. J., dissenting.

Appeal from Bronx County Court.

Action by Rebecca Schoenfeld against the Mott Avenue Realty Company and another. From the judgment of the County Court, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Morris E. Gossett, of New York City, for appellant.

James F. Mahan, of New York City, for respondent Mott Ave. Realty Co.

Morris Berger, of New York City, for respondent Levy.

SCOTT, J. The defendant Mott Avenue Realty Company is the owner and lessor, and the defendant Isidor Levy is the lessee, of a store and basement or cellar at No. 870 Intervale avenue, in the county of Bronx. Directly in front of the store is a stairway leading down into the cellar, the opening being covered by a double door, which, when closed, is at the same level as the sidewalk and adjacent thereto. Each flap of the door, when opened, stands nearly upright. At about 8 o'clock in the evening of June 4, 1914, an employé of the defendant Levy, having occasion to go into the cellar, left the door open. Plaintiff, desiring to go from Levy's store to another one near by, fell or partially fell into the open space and suffered the injuries for which she sues.

Her complaint contains two counts, one for negligence and the other for the maintenance of a nuisance. At the opening of the trial the plaintiff was required to elect whether she would proceed as for negligence or as for a nuisance. To this she duly objected and excepted. This was error. The causes of action were not inconsistent, and it was the plaintiff's right to make her proof, and to recover upon whichever cause of action the facts warranted. Ackerman v. True, 175 N. Y. 353, 67 N. E. 629; Mulligan v. Erie Railway Company, 99 App. Div. 499, 91 N. Y. Supp. 60; McNulty v. Ludwig & Co., 153 App. Div. 206, 138 N. Y. Supp. 84; Gropp v. Great Atlantic & Pacific Tea Company, 161 App. Div. 859, 147 N. Y. Supp. 182. The consequences of this erroneous ruling were serious, because she was compelled to assume the burden of proof as to negligence and freedom from contributory negligence, which would not have been imposed upon her, but for her forced election to rely upon negligence.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

CLARKE, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). I concur in the reversal of this judgment as against the defendant Isidor Levy, as I think the verdict of the jury in favor of such defendant is clearly against the weight of evidence, and defendant was liable, both for maintaining a nuisance and for negligence; but I dissent from the reversal of this judgment against the landlord of the premises, the Mott Avenue Realty Company, as it seems to me clear upon the evidence that the defendant was not guilty of maintaining a nuisance, as leasing the premises with the proper doors to protect the passers-by in the street was not a nuisance, which made the landlord liable for a failure of the tenant to keep the door closed and in a safe condition. He certainly was not liable for the tenant's negligence, and therefore I am in favor of affirming the dismissal of the complaint as against the Mott Avenue Realty Company.