# APPELLATE DIVISION

#### OF THE

# SUPREME COURT

#### OF THE

## 𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐.

---

ALBERT A. MOERS, Appellant, *v.* " JANE " PELL, First Name Fictitious, Real Name Being Unknown to Plaintiff, Doing Business under the Firm Name and Style of WAMPAGNE KENNELS, Respondent.

First Department, December 7, 1917.

Pleading — action for breach of contract to care for dog — allegations as to negligence of defendant — complaint stating single cause of action — election.

A complaint which in substance alleges that the defendant agreed for a consideration to breed a valuable dog owned by the plaintiff and to skillfully care for, and return, the dog in the same condition of health as when delivered, but that the defendant returned the dog suffering from distemper caused solely by the negligence of the defendant in the care of the dog, etc., whereby the plaintiff has been required to expend moneys in the treatment and maintenance of the dog, which has become worthless, states but a single cause of action for damages for breach of contract. The charge of negligence in the care of the dog is merely a specification of the breach of contract.

Allegations in respect to different theories upon which it is claimed that the defendant was guilty of a breach of duty under the contract do not set out different causes of action, nor do they involve different theories between which the plaintiff could be required to elect.

APPEAL by the plaintiff, Albert A. Moers, from an order of the Supreme Court, made at the New York Special Term and

entered in the office of the clerk of the county of New York on the 17th day of October, 1917, granting defendant's motion for an order compelling plaintiff either to amend his complaint by setting forth a cause of action either in tort or for breach of contract and to strike out all allegations in the complaint inconsistent therewith, or to elect as to which of the two inconsistent causes of action, namely, tort or breach of contract, he will proceed with, and to strike out all allegations in the complaint inconsistent with the one chosen, or to separate and number his two alleged causes of action.

*Robert Moers*, for the appellant.

*W. H. Dannat Pell*, for the respondent.

LAUGHLIN, J.:

Appellant claims that but a single cause of action is pleaded. Plaintiff alleges that on the 25th day of February, 1917, an agreement was made between him and the defendant whereby, in consideration of twenty dollars paid to her by the plaintiff, defendant agreed to breed a certain valuable female dog owned by the plaintiff and to skillfully care for and return the dog in the same condition of health as when delivered to her; that the dog was delivered to defendant in an healthy and sound physical condition, but that the defendant did not return her in the same condition and that when returned she was suffering from a disease known as distemper which was caused solely by the negligence of the defendant in her care and treatment of the dog and in her failure to keep the dog in a clean condition and in surroundings free from contact with germ infection; that the plaintiff by reason of the premises has been required to expend large sums of money in the care, treatment and maintenance of the dog and that, owing to said disease, the dog has become worthless, to plaintiff's damage in the sum of $700.

I am of opinion that these allegations state but a single cause of action for damages for breach of the contract. The charge of negligence in the care of the dog is merely a specification of the breach of contract. There could be no recovery for negligence in caring for the dog but for the fact that the defendant was under a contract obligation requiring care. It

may perhaps be said that the plaintiff alleges two theories upon which he claims to be entitled to recover for the breach of the contract, namely, that the defendant undertook absolutely to return the dog in the same condition as when received and that it was also the duty of the defendant to properly care for the dog and that she failed so to do in that she negligently, that is, by not exercising the care required by the contract, permitted the dog to contract the disease. But in either case the basis for a recovery would be the breach of contract and that, therefore, is the cause of action. Mere allegations with respect to the different theories upon which it is claimed there was a breach of the defendant's duty under the contract is not stating different causes of action; nor are the theories pleaded inconsistent, and, therefore, even upon the trial the plaintiff could not be required to elect between them, but may recover on any pleaded theory of the breach of the contract shown by the evidence. (*Payne* v. *N. Y., S. & W. R. R. Co.,* 201 N. Y. 436; *Schoenfeld* v. *Mott Ave. Realty Co.,* 168 App. Div. 91; *Snell* v. *Cornwell,* 93 id. 136.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.