STABILIMENTO    METALLURGICO    LIGURE,    Respondent,    *v.*
LEONARD JOSEPH, Appellant.

First Department, October 24, 1919.

**Pleading — requirements of complaint — Code of Civil Procedure, section 519, construed.**

Complaint in an action setting forth six causes alleged to arise upon different contracts for the sale of goods examined, and *held*, that the allegations in each cause of action may give rise to several causes of action, that there are redundant allegations of facts, evidence and conclusions of law, and that the complaint is so indefinite and uncertain that the issues tendered cannot be determined and, hence, the plaintiff should be required to serve an amended complaint which is definite and certain omitting immaterial and redundant allegations and separately stating and numbering the various causes of action, etc.

Section 519 of the Code of Civil Procedure, which states that the allegations of a pleading must be liberally construed with a view to substantial justice between parties, applies to form and not to the substance of the cause of action. The defendant is entitled to the service of a complaint which states the claims against him with reasonable certainty so that he may be able to plead. A complaint must contain a plain and concise statement of the facts constituting each cause of action without unnecessary repetition, and if two or more causes of action are set forth the statement of facts constituting each cause must be separately stated and numbered. A plaintiff should allege the ultimate facts and not set forth the evidence tending to establish them.

The continued repetition of a fact once well pleaded, adds nothing to its force or value, and is expressly condemned.

APPEAL by the defendant, Leonard Joseph, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of June, 1919, denying his motion for an order directing the plaintiff to make the allegations of the complaint definite and certain; to strike therefrom allegations which are immaterial and redundant; to strike therefrom allegations which are evidentiary and to separately state and number the various causes of action which are set forth in the complaint.

*William D. Sporborg* of counsel [*Sporborg & Connolly,* attorneys], for the appellant.

*William M. Aydelotte* of counsel [*Hunt, Hill & Betts,* attorneys], for the respondent.

PAGE, J.:

The complaint sets forth six causes of action arising upon six different contracts of sale of merchandise. These are separately stated and numbered. The defendant contends that within the allegations of each cause of action there are stated facts which might give rise to several causes of action, and that by reason thereof and the redundant statement of facts, evidence and conclusions of law, the complaint is so indefinite and uncertain that the issue tendered cannot be determined. In my opinion, this criticism of the complaint is well founded. To review the complaint in detail, and specifically point out the immaterial and redundant matter, or to demonstrate the allegations therein, which, grouped under one specified cause of action, in reality set forth three distinct theories of liability, would be impossible without exceeding the reasonable limits of an opinion.

The same vices appear in each separately stated cause of action. A brief statement of the first cause of action will suffice to demonstrate the uncertainty and lack of definiteness of the complaint.

The plaintiff, a foreign corporation, organized and existing under and by virtue of the laws of the Kingdom of Italy, on the 20th of November, 1915, entered into a contract with the Phœnix Iron and Steel Company, an Alabama corporation, which we will designate as the Alabama corporation, whereby the Alabama corporation agreed to sell and deliver to the plaintiff about 2,000 long tons of old steel rails at $29.50 per ton, to be delivered to the plaintiff at Genoa, Italy, between the months of December, 1915, and March, 1916, the cost of insurance and freight to be paid by the Alabama corporation; payment for the merchandise to be made on plaintiff's behalf in the manner therein provided.

The Alabama corporation delivered to the plaintiff, in accordance with the terms of the contract, about 1,300 tons of old steel rails for which the plaintiff duly paid. It is then alleged that the Alabama corporation prior to the making of the contract had secured a permit to do business as a corporation in the State of Texas, and until March 22, 1916, transacted business in that State; that on said date the Phœnix Iron and Steel Company was organized for the general

purposes of trade and transacted business under and by virtue of the laws of Texas. This corporation we will designate the Texas corporation. It is alleged that the Texas corporation took over, succeeded to and became vested with all of the assets and assumed, for value received, all the contracts and liabilities of the Alabama corporation; that the Texas corporation continued and undertook for value received the fulfillment of the contracts and business of said Alabama corporation and the Texas corporation became the sole owner thereof; that thereafter the Alabama corporation ceased doing business and its rights and franchises were abandoned. It is alleged that the defendant on December 5, 1916, filed in the office of the clerk of the county of New York a certificate, certifying that he was conducting and transacting business under the name of the Phœnix Iron and Steel Company of Galveston, Tex., and from and after that date the defendant conducted business in the city of New York under that name; that on or about said date defendant took to his own account all the assets and for value received assumed all the liabilities of the Texas corporation; that the contracts and obligations between the plaintiff and the Alabama corporation and the Texas corporation, and all rights and liabilities thereunder were taken over and assumed by the defendant, and that the defendant continued to carry on the business under said contracts without change or modification thereof until about the month of June, 1917. It is alleged that the Alabama corporation, the Texas corporation and the defendant have severally wholly failed, neglected and refused to deliver the remainder of about 700 tons of old steel rails to plaintiff. Due performance of the plaintiff and readiness and ability to receive and pay for the rails according to the contract are alleged. Then follow allegations of damages. From these statements it would appear that the plaintiff was suing the defendant for a breach by him of an executory contract with the Alabama corporation, which had been assumed by the Texas corporation and in turn by the defendant. Therefore, liability for damages was predicated upon the defendant's neglect or refusal to perform. Interwoven with these allegations are others which allege that the Alabama corporation, the Texas corporation and the defendant had severally repudiated

the said sale in so far as it had not been performed and notified plaintiff that performance thereof would not be completed. If the Alabama corporation repudiated the contract and wrongfully refused to perform it, that corporation became liable to the plaintiff in damages. It would be this liability that was assumed by the Texas corporation and the defendant, and not the burden of performing an executory contract. By its terms the time for performance of the contract had expired prior to the incorporation of the Texas corporation. Unless extended by mutual consent, the execution of the contract would not have been assumed by the successors of the Alabama corporation. With tiresome repetition the plaintiff has alleged that the defendant was the chief executive of, and controlled, both the Alabama corporation and the Texas corporation; that he owned all the capital stock thereof, and other allegations tending to show that these corporations existed as a mere cloak under which the defendant personally conducted his business, and hence the contract while in form that of the Alabama corporation was in fact the personal contract of the defendant. Thus there is presented in each cause of action, allegations appropriate to three different causes of action, some of which are appropriate to one and entirely immaterial to the others.

The learned justice at Special Term, while recognizing the defects in the complaint, said: "Nor do I think it necessary that the liability of the defendant need be stated in two different causes of action. If the plaintiff proves the facts alleged in the complaint it would make little difference to the defendant upon which of the two theories held by his counsel his liability was predicated."

This statement would be appropriate if the defendant, instead of challenging the complaint, had answered, and upon the trial objection had been made to the reception of evidence that it was immaterial upon one theory, which counsel for the defendant had supposed was the cause of action set forth, and was material on another, which the plaintiff's attorney contended was the cause of action he had intended to allege, or after verdict and judgment.

It seems to me the learned justice has failed to appreciate that the office of a complaint is to inform the defendant

with reasonable certainty of the cause of action that the plaintiff claims he has against him that the defendant may be able to plead. If the statement of the facts is such that there might be two distinct causes of action stated, and such was the purpose of the complaint, then the defendant is entitled to have each cause of action separately stated and numbered. He may demur to one and answer the others. He may have a defense to one which he would not have to the others. It is his right to be afforded an opportunity to intelligently meet the issue tendered and not be compelled to imitate the plaintiff and draw a rambling inconsequential answer that he may be in position to meet at the trial any possible issue the ingenuity of counsel may be able to spell out from a confused mass of statements of fact.

The plaintiff's attorney does not inform us what he claims to have stated as a cause of action, but throws around his complaint as a shield section 519 of the Code of Civil Procedure which he states is a conclusive answer against the motion and this appeal. That section, however, was not intended to abrogate all the rules and requirements of pleading. " The allegations of a pleading must be liberally construed, with a view to substantial justice between the parties." That substantial justice may be done a defendant has the right to be informed with reasonable exactitude of the cause of action alleged against him. As Chief Judge RUGER said: " It was formerly the settled rule to construe doubtful pleadings most strongly against the pleader, but this rule has been so far modified by the Code as now to require them to be liberally construed with a view to substantial justice between the parties. This modification has, however, been held to extend only to matters of form and not to apply to the fundamental requisites of a cause of action. * * * A construction of doubtful or uncertain allegations in a pleading, which enables a party by thus pleading to throw upon his adversary the hazard of correctly interpreting their meaning, is no more allowable now than formerly; * * *. It is in the nature of things that a party who is required to frame his issues for the information of his adversary, and the court, must be responsible for any failure to express his meaning

First Department, October, 1919.          [Vol. 189.

clearly and unmistakably." (*Clark* v. *Dillon*, 97 N. Y. 370, 373.)

The rule of liberality in the construction of pleadings was not intended to change the fundamental requirements that the complaint must contain a plain and concise statement of the facts constituting each cause of action without unnecessary repetition, and where the complaint sets forth two or more causes of action the statement of facts constituting each cause of action must be separate and numbered. (Code Civ. Proc. §§ 481, subd. 2, 483.) We cannot determine whether the pleader intended to set up one cause of action or three. If he intends to state but one cause of action in each separately stated and numbered cause of action then he should plainly and concisely state the facts constituting that cause of action and leave out allegations that have no relevancy or materiality thereto. If he intended to state two or more causes of action then the allegations which would present each cause of action must be separately stated and numbered. We have not passed upon the specific objections that there are redundant allegations, evidentiary statements of fact and conclusions of law contained in the complaint. All of these objections are well founded, but as there will be an opportunity to serve an amended complaint, we shall expect the pleader to observe the few simple rules of Code pleading, and present a plain and concise statement of the facts constituting each cause of action without unnecessary repetition and in which each cause of action that he desires to present will be separately stated and numbered; that he will allege the ultimate facts which he must prove to sustain each cause of action and not the evidence tending to establish these facts, and will bear in mind that continued repetition of a fact once well pleaded, adds nothing to its force or value and is expressly condemned. His own intelligence should be a sufficient guide without its being necessary for the court to further indicate wherein these requirements have been violated in the complaint under consideration.

The order will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint upon payment of the costs within ten days after the

service of a copy of the order to be entered herein with notice of the entry thereof.

CLARKE, P. J., DOWLING, MERRELL and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend complaint within ten days on payment of costs.