HENRY A. CALAME and ADRIAN L. MATTHEY, Respondents, *v.* LEONARD JOSEPH, Appellant.

First Department, October 24, 1919.

**Pleading — complaint — failure to separately state and number causes of action.**

Complaint examined, and *held*, that each of the causes of action therein alleged and separately stated and numbered contained more than one cause of action and embodied various other defects so that the plaintiff should be required to amend and make the complaint more definite and certain and omit matters immaterial, redundant and evidentiary.

APPEAL by the defendant, Leonard Joseph, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of July, 1919, denying his motion for an order directing the plaintiffs to make the allegations of the complaint definite and certain; to strike therefrom allegations which are immaterial and redundant; to strike therefrom allegations which are evidentiary and to separately state and number the various causes of action which are set forth in the complaint.

*William D. Sporborg* of counsel [*Sporborg & Connolly*, attorneys], for the appellant.

*William M. Aydelotte* of counsel [*Hunt, Hill & Betts*, attorneys], for the respondents.

PAGE, J.:

There is present in the complaint in this case all of the vices of the complaint considered in *Stabilimento Metallurgico*

*Ligure* v. *Joseph* (189 App. Div. 173), decided herewith, and some in addition. The plaintiffs allege that they were appointed general agents of the Alabama corporation for the sale of iron and steel materials and metals in Italy upon a commission basis. The various allegations in the complaint in that case as to the incorporation of the Texas company and the filing of the certificate to do business under the trade name, the assumption of the contract obligations of each successor, and the control and ownership of the stock of the corporations by the defendant are repeated except in this case the plaintiff attaches an exemplified copy of the certificate of dissolution of the Texas corporation and in the body of the complaint copies the certificate for use of the trade name filed with the county clerk, while in the other the fact of such dissolution and of the filing of the certificate was alleged. In addition to the different theories of liability that might be spelled out in this complaint from these allegations, there is the further objection that in each of the two causes of action the plaintiffs have alleged that the defendant is indebted to the plaintiff for money laid out and expended and for charges and commissions in the purchase and sale of goods, wares and merchandise. The contract does not provide for the purchase of merchandise, nor for the expenditure of money in behalf of the corporation. Therefore, there is more than one cause of action stated in each of the separately stated and numbered causes of action alleged in the complaint.

The order will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint upon payment of the costs within ten days after the service of a copy of the order to be entered herein with notice of the entry thereof.

CLARKE, P. J., DOWLING, MERRELL and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend complaint within ten days on payment of costs.