Millie Glover, Respondent, v. Holbrook, Cabot & Rollins Corporation, Appellant.

First Department, November 7, 1919.

Pleading — allegations constituting nuisance and negligence — causes should be separately stated and numbered — actions for nuisance and for negligence distinguished.

Although a complaint contains a statement of facts which will warrant a recovery either for a nuisance or for negligence the plaintiff will be required to separately state and number said causes, for they are distinct causes of action, although the plaintiff cannot be compelled to elect upon which theory he will recover until he has produced his proof.

Actions for nuisance and for negligence are distinct in their elements and subject to different defenses as follows:

Nuisance consists in the wrongful maintenance of the thing itself, while negligence usually consists in the manner of doing the thing;

In nuisance, it is the wrongful or unlawful maintenance of the thing resulting in damage to others that gives the right of action, irrespective of whether its operation was careful or careless; while in negligence, it is the careless operation of the thing whereby others are damaged, irrespective of whether it is lawful or unlawful;

Different limitations are provided upon the right to present an action for nuisance, which is six years, and an action for negligence, which is three years.

Appeal by the defendant, Holbrook, Cabot & Rollins Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of March, 1917, denying defendant's motion to compel plaintiff separately to state and number her causes of action, or, in the alternative, to strike out certain allegations of the complaint.

*Tobias E. Purcell* of counsel [*Thomas E. O'Brien* with him on the brief; *Thomas F. Conway*, attorney], for the appellant.

*Benjamin R. Buffett*, for the respondent.

Page, J.:

It is conceded by the plaintiff's counsel, and was stated by the learned justice at Special Term, that each of the causes of action alleged in the complaint would warrant a

recovery for unlawfully and wrongfully maintaining a nuisance or for negligence. It is contended that a party cannot be compelled to state the theory on which he will ask a recovery until he has produced his proof. As an authority for this proposition the court cites *Schoenfeld* v. *Mott Avenue Realty Company* (168 App. Div. 91). In that case, however, the complaint alleged two distinct causes of action, one for a nuisance and the other for negligence, which were separately stated and numbered, and the court held that, these causes of action not being inconsistent, the plaintiff could not be required to make an election between them until she had produced her proof. That case did not in any way involve the rule of pleading that the complaint must contain a plain and concise statement of the facts constituting each cause of action without unnecessary repetition, and if it sets forth two or more causes of action they must be separately stated and numbered. (Code Civ. Proc. §§ 481, subd. 2, 483; *Stabilimento Metallurgico Ligure* v. *Joseph*, 189 App. Div. 173.) While substantially the same facts may in some instances support a recovery of damages sustained either for the maintenance of a nuisance or for a negligent act, the two causes of action are distinct in their elements and are subject to different defenses. Nuisance consists in the wrongful maintenance of the thing itself, while negligence usually consists in the manner of doing the thing. In nuisance, it is the wrongful or unlawful maintenance of the thing resulting in damage to others that gives the right of action, irrespective of whether its operation was careful or careless; while in negligence, it is the careless operation of the thing whereby others are damaged, irrespective of whether it is lawful or unlawful. Therefore, that the defendant exercised due care in maintaining the nuisance would be no defense, while that it was lawfully maintained would be. That the defendant observed due care would be a defense in an action predicated upon negligence, but that he was lawfully authorized to operate the thing would be no defense. Furthermore, different limitations are provided upon the right to bring the action. An action to recover damages for the maintenance of a nuisance may be brought within six years from the time when the cause of action accrues (Code Civ. Proc. § 382, subd. 3),

while an action for a personal injury resulting from negligence must be commenced within three years. (Id. § 383, subd. 5.) In order that the defendant may be enabled intelligently to plead to the complaint, it is necessary that the plaintiff be required to frame her complaint in compliance with the few simple rules of pleading prescribed by the Code. If she desires to state alternative theories of liability, either for nuisance or negligence, then she should appropriately allege the facts constituting each cause of action separately and number them. If she desires to state either one alone, then all allegations not pertinent to that cause of action should be eliminated.

The order is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days from service of a copy of the order to be entered herein with notice of the entry thereof, upon payment of such costs.

CLARKE, P. J., LAUGHLIN, SMITH and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve amended complaint on payment of said costs.