ARCHIBALD CHARLES HEAPHY, Respondent, Appellant, *v.* OTTO M. EIDLITZ and ROBERT J. EIDLITZ, Appellants, Respondents.

First Department, July 1, 1921.

Pleadings — action on contract of employment — allegations in complaint, irrelevant to cause of action alleged, properly stricken out — distinct alternative causes of action should be separately stated and numbered — complaint to contain plain and concise statement of facts.

In an action on a contract of employment, allegations relating to a prior contract of the same nature are irrelevant and immaterial to the cause of action sought to be alleged and were properly stricken from the complaint.

Two distinct alternative causes of action, inconsistent with each other, should be separately stated and numbered. Accordingly, where it is alleged in a complaint, in an action for commissions claimed to be due the plaintiff on net profits, that the defendant refused to determine the amount of net profits on demand, and it is also alleged that if the commissions paid to plaintiff represent a determination of the net profits then such determination was erroneous and unfair and included erroneous charges against the earnings and excluded earnings, two causes of action are pleaded which should be separately stated and numbered.

Section 481, subdivision 2, of the Code of Civil Procedure requires a complaint to contain a plain and concise statement of the facts constituting each cause of action without unnecessary repetition, so as to definitely inform the defendant, that he may intelligently prepare for trial and escape surprise.

APPEAL by the plaintiff, Archibald Charles Heaphy, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of August, 1920, as strikes out certain paragraphs of the amended complaint.

Appeal by the defendants, Otto M. Eidlitz and another, from so much of said order as denies in part defendants' motion to strike out certain paragraphs of the amended complaint and to compel the plaintiff to make said complaint definite and certain and separately state and number the causes of action, and to elect one of three inconsistent forms of alleging the first four causes of action in said amended complaint.

*Charles S. Noyes,* attorney for the plaintiff.

*Cornelius J. Sullivan, Jr.,* of counsel [*Eidlitz & Hulse,* attorneys], for the defendants.

PAGE, J.:

The court struck out the 4th, 5th, 6th, 7th and 8th paragraphs of the complaint as irrelevant and immaterial. They relate to a contract of employment which preceded the one involved in this action. The plaintiff appeals from this portion of the order. These allegations can have no possible relevancy to the cause. of action sought to be alleged. The plaintiff says that this is an action on an account, but it is not. The order in so far as appealed from by plaintiff should be affirmed, with costs.

In disposing of a demurrer to a former complaint, the court pointed out that a determination of the net profits of the business upon which plaintiff's right to his commission is based was a prerequisite to his cause of action, and that the complaint must allege either that such condition has been complied with or that it has been waived by refusal on the part of the defendant to make such determination after demand by the plaintiff. In speaking of the provision of the contract that the determination of the net profits was to be made by the employer and " their determination to be final and conclusive," the court said that such a provision was not contrary to public policy, and that " The courts,

of course, would still have a right to set aside and disregard such determination, if made in bad faith." The plaintiff acting on this suggestion has presented in the amended complaint now before us by alternative pleading all of these suggested causes of action.

The complaint separately states four causes of action based upon the right to recover unpaid profits for different periods of employment. In each cause of action it is stated that the plaintiff had requested the defendants to make a determination and apportionment of the net profits and that the defendants refused, and have failed to make such determination and apportionment, and have waived the right to make such determination. If these facts are proved the court will ascertain the net profits of the business and make such apportionment as the contract requires.

The plaintiff also alleges that if such determination has been made, and if the amounts paid to him are claimed to be or were intended to be a determination of the amount due to him as his share of said net profits, they were not stated to him to be so intended; if so intended, the amounts represented by such payments were unfair, erroneous and unjust, and were not in accordance with the facts, and included erroneous charges against the earnings, and omitted earnings and receipts which should properly have been made the basis of such determination. To establish this cause of action the plaintiff will have to prove that items of charge were included, and that items of credit were omitted from the calculation and determination, either by mistake or intentionally in bad faith. It is obvious that there are two distinct alternative causes of action, which are inconsistent with each other.

As there are two causes of action set forth they should be separately stated and numbered, that the defendants may plead or move as they may be advised with regard to each. The court at Special Term held that the defendants could easily deny both. But the defendants may have defenses to one that they have not to the other, or may have other relief as to one which would not be applicable to the other. In the present form of the complaint, the defendants cannot avail themselves of these different pleadings or motions. The

Code of Civil Procedure requires the complaint to contain " a plain and concise statement of the facts constituting each cause of action without unnecessary repetition." (§ 481, subd. 2.) The purpose of this is that the defendant may be definitely informed of the facts constituting the cause of action, not alone that he may plead, but that he may prepare intelligently for trial and not be subjected to surprise by a claim of some unforeseen construction put upon obscure allegations of pleading at the trial. (*Glover* v. *Holbrook, Cabot & Rollins Corp.*, 189 App. Div. 328, 330; *Stabilimento Metallurgico Ligure* v. *Joseph*, Id. 173, 176 *et seq.*)

If the plaintiff desires to state only one cause of action he should elect which he desires to state, whether it be that the defendants refused after demand to make a determination and apportionment, or whether the determination and apportionment that they made was erroneous and fraudulent; and he should omit the allegations as to the other. If he desires to set up both causes of action then the facts constituting each should be separately stated and numbered. (See Code Civ. Proc. § 483.)

As it will be necessary for the plaintiff to serve an amended complaint he should make his allegations of payments more definite and certain. In the 24th paragraph of the complaint there are more than 500 items of payments stated with dates and amounts only. All but 34 of them are clearly payments on account of salary, about which there is no controversy, and have no proper place in the complaint. These merely serve to confuse the issues tendered.

The order will, therefore, be modified in accordance with this opinion and as modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, with ten dollars costs and disbursements to appellant. Settle order on notice.