CATHERINE M. SMITH, as Administratrix, etc., of JOHN CHESTER SMITH, Deceased, Respondent, v. GEORGE H. EARLE, JR., and JOSEPH KLEINBERGER, Appellants, Impleaded with WALTER J. SALMON and Others, Defendants.

First Department, July 14, 1922.

Pleadings — action by administratrix to recover for death caused by collapse of building in which intestate was working — cause of action based on nuisance and one based on negligence may be united — fact that all defendants are not liable on both causes of action not available before trial — plaintiff not required to elect before trial — plaintiff should separately state and number causes of action or strike out allegations as to one cause of action.

A cause of action based on nuisance and a cause based on negligence may be united in an action by an administratrix to recover for the death of her intestate who was killed by the collapse of a building in which he was working.

The fact that all of the defendants might not be liable on each cause of action is not available before trial.

The plaintiff is not required to elect between the causes of action in negligence and for nuisance before the trial.

Plaintiff should be required, if she desires to prosecute her action for damages on both theories, to separately state and number them, otherwise she should eliminate from her statement all allegations not necessary to constitute the cause of action on which she desires to proceed.

APPEAL by the defendants, George H. Earle, Jr., and another, from orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of April, 1922, denying defendants' motion to require the plaintiff to serve a second amended complaint.

*Bond & Babson* [*Walter H. Bond* of counsel], for the appellants.

*Ralph Gillette*, for the respondent.

PAGE, J.:

The plaintiff's intestate was killed by the falling of a building upon which he was employed while extensive structural alterations were being made.

20

The action is brought against George H. Earle, Jr., the owner of the fee, Joseph Kleinberger, the architect, the appellants herein, and against the lessee and contractor. The amended complaint contains allegations of fact sufficient to support a cause of action for maintaining a nuisance, in that the building was maintained in an unsafe condition which would be available against the owner and lessee, but not against the architect and contractor. It also states facts which would tend to support a cause of action in negligence against the owner, lessee and the architect, in that the architect was incompetent and prepared plans and specifications for the alteration and reconstruction work of an unlawful, defective, inadequate and unsafe character, which were known to the defendants and each of them, and in the exercise of reasonable care should have been known to them and each of them, by reason of which the building, where the alteration and reconstruction work was being done, became dangerous and a menace and a peril, and the said plans and specifications provided for work to be done which made the building unsafe, defective and inadequately supported, and contributed to cause the failure and collapse of the building, which the defendants should have known in the exercise of reasonable care.

It is further alleged that at the time of the accident the defendants and each of them were engaged and were participating in altering and reconstructing the building, and that the building collapsed by reason of the negligence and careless conduct of the work. It is also alleged that the plaintiff's intestate lived for twenty-four hours after he was pinioned under said wreckage; that his body was lying near the surface; that the defendants knew this, or in the exercise of reasonable care should have known it, and that a prompt and practicable effort to rescue him by removing a portion of the wreckage would, with reasonable probability, save his life; that the defendants were negligent in failing to make such effort, and their negligence in this respect was a contributing cause of his death. It is finally alleged: " That the said injuries were received and death caused solely through the negligence, carelessness and unlawful acts of the defendants, and each of them, and not by reason of any contributory negligence on the part of the plaintiff's said intestate."

Although the complaint purports to allege but one cause of action in reality the facts alleged constitute two or more causes of action. In *Glover* v. *Holbrook, Cabot & Rollins Corporation* (189 App. Div. 328, 329) we said: " While substantially the same facts may in some instances support a recovery of damages sustained either for the maintenance of a nuisance or for a negligent

act, the two causes of action are distinct in their elements and are subject to different defenses. Nuisance consists in the wrongful maintenance of the thing itself, while negligence usually consists in the manner of doing the thing. In nuisance, it is the wrongful or unlawful maintenance of the thing resulting in damage to others that gives the right of action, irrespective of whether its operation was careful or careless; while in negligence, it is the careless operation of the thing whereby others are damaged, irrespective of whether it is lawful or unlawful. Therefore, that the defendant exercised due care in maintaining the nuisance would be no defense, while that it was lawfully maintained would be. That the defendant observed due care would be a defense in an action predicated upon negligence, but that he was lawfully authorized to operate the thing would be no defense. Furthermore, different limitations are provided upon the right to bring the action. An action to recover damages for the maintenance of a nuisance may be brought within six years from the time when the cause of action accrues (Code Civ. Proc. § 382, subd. 3),* while an action for a personal injury resulting from negligence must be commenced within three years. (Id. § 383, subd. 5.)* In order that the defendant may be enabled intelligently to plead to the complaint, it is necessary that the plaintiff be required to frame her complaint in compliance with the few simple rules of pleading prescribed by the Code. If she desires to state alternative theories of liability, either for nuisance or negligence, then she should appropriately allege the facts constituting each cause of action separately and number them. If she desires to state either one alone, then all allegations not pertinent to that cause of action should be eliminated."

We, furthermore, distinguished the case of *Schoenfeld* v. *Mott Avenue Realty Co.* (168 App. Div. 91), which was relied upon by the learned justice at Special Term. This action is the statutory action to recover damages for a wrongful act, neglect or default by which the decedent's death was caused. (Code Civ. Proc. § 1902 *et seq.;* now Decedent Estate Law, § 130 *et seq.*, as added by Laws of 1920, chap. 919.) If death had not ensued, the plaintiff's intestate would have had a cause of action against the defendants for maintaining a nuisance or for negligent acts whereby he sustained injuries. Therefore, the administrator may sustain an action on either theory. (*Sullivan* v. *Dunham*, 161 N. Y. 290, 292.) As they are all to recover for personal injuries they can be united in the same complaint (Code Civ. Proc. § 484, subd. 2; Civil Practice Act, § 258, subd. 2), and they are not inconsistent with each other. The fact that all the defendants might not be liable

---

* Now, respectively, Civ. Prac. Act, § 48, subd. 3; Id. § 49, subd. 6.— [REP.

on all the causes of action is not an objection that can now be urged. (Civil Practice Act, §§ 211–213.) The learned justice at Special Term correctly held that the plaintiff could not at this time be required to elect between causes of action in negligence and for nuisance. (*Schoenfeld* v. *Mott Avenue Realty Co., supra.*)

The plaintiff should be required, if she desires to prosecute her suit for damages on both theories, to separately state and number them.* If, however, she desires to proceed only on the theory of nuisance or negligence, she should eliminate from her statement of her cause of action allegations not necessary to constitute such cause of action.

The orders should be reversed, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs; second amended complaint to comply with above opinion to be served within twenty days after service of a copy of the order to be entered herein, together with notice of entry thereof and payment of the said costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, and motions granted, with ten dollars costs; second amended complaint to comply with opinion to be served within twenty days on payment of said costs. Settle order on notice.

---

* See Code Civ. Proc. § 483; now Rules Civ. Prac. rule 90.— [REP.