First Construction Company of Brooklyn, Plaintiff, *v.* Rapid Transit Subway Construction Company and New York Central and Hudson River Railroad Company, Defendants.

Supreme Court, New York Special Term, December, 1923.

Pleadings — demurrer — when motion to overrule demurrer to complaint must be determined under Civil Practice Act — when gravamen of complaint deemed to set up causes of action in tort — demurrers asserting causes of action in tort improperly united with those on contract overruled — when causes of actions predicated on negligence and trespass may be united in one complaint — rule 90, Rules of Civil Practice, applicable — when several defendants deemed properly joined.

A motion to overrule a demurrer to a complaint must be determined under the Civil Practice Act though the action was commenced before the enactment of that statute.

A complaint alleged in substance that the plaintiff is the lessee of certain premises extending along the easterly line of Lexington avenue in the city of New York from Forty-second to Forty-third street, for a term the balance of which exceeds thirty-five years; that on July 16, 1914, and prior to the commission of the alleged acts of defendants, the city entered into a contract with the Rapid Transit Subway Construction Company for the construction of a part of the

146  First Const. Co. v. Rapid Transit Subway Const. Co.

Supreme Court, December, 1923.                    [Vol. 122

subway in said avenue in front of plaintiff's premises, and that on January 25, 1915, the city entered into a contract with the New York Central and Hudson River Railroad Company for the construction of a part of the same subway; that the contract with the railroad company provided that it should indemnify and save harmless the city for and from damages to property resulting from said work; that the contract with the Rapid Transit Subway Construction Company provided that the contractor should be responsible for injuries to property on account of the work; that the said construction company between July, 1914, and June, 1918, used explosives in blasting and damaged foundation walls and other parts of the building occupied by plaintiff; that between January, 1915, and June, 1918, the railroad company used explosives in blasting and damaged the foundation walls and other parts of the plaintiff's building; that said defendants unlawfully and forcibly entered upon the premises occupied by plaintiff and obstructed the ingress to and egress from the premises and negligently caused soot, dirt, stone and other debris to be deposited on the premises, all to the plaintiff's damage in the sum of $50,000. *Held*, that the gravamen of the complaint was the alleged tortious conduct of the defendants and that liability therefor sought to be fastened upon them by reason of the contract between them and the city did not change the character of the action as one in tort, and demurrers to the complaint, so far as asserting that causes of action in tort were improperly united with those on contract, will be overruled.

The allegations of the complaint as to damages caused " by blasting  *  *  * in the work of construction " were necessarily predicated upon negligence while those relating to actual intrusion upon the plaintiff's premises sound in trespass. *Held*, that both causes of action were properly united in one complaint and, not being clearly inconsistent with each other, the complaint was subject to a motion under rule 90 of the Rules of Civil Practice.

That causes of action in tort arising out of separate contracts between the defendants and the city are united, and that all of the separate causes of action do not affect all of the defendants are also untenable as grounds of demurrer, and the several demurrers to the complaint will be overruled with leave to the defendants to plead over within twenty days upon payment of costs of the motion.

Motions to overrule demurrers interposed by the defendants to the complaint.

*Charles C. Clark*, for plaintiff, for motion.

*James L. Quackenbush*, for defendant Rapid Transit Subway Construction Company.

*Alex. S. Lyman*, for defendant New York Central and Hudson River Railroad Company.

O'Malley, James, J.  The complaint in substance alleges that the plaintiff is the lessee of the premises known as 405 Lexington avenue, extending along the easterly side of said avenue from Forty-second to Forty-third streets, for a term the balance of which exceeds thirty-five years; that on the 16th day of July, 1914, and prior to the commission of the acts of the defendants alleged

in the complaint, the city of New York entered into a contract with the Rapid Transit Subway Construction Company for the construction of a part of the subway in Lexington avenue in front of the plaintiff's premises, and that on January 25, 1915, the city entered into a contract with the New York Central and Hudson River Railroad Company for the construction of a part of the same subway; that the contract with the New York Central and Hudson River Railroad Company provided that said defendant should *indemnify* and *save harmless* the city of New York for and from damages to property resulting from said work; that the contract with the Rapid Transit Subway Construction Company provided that the contractor *should be responsible* for injuries to property on account of the work; that the Rapid Transit Subway Construction Company between July, 1914, and June, 1918, used explosives in blasting and damaged foundation walls and other parts of the building occupied by the plaintiff; that the defendant New York Central and Hudson River Railroad Company between January, 1915, and June, 1918, used explosives in blasting and damaged the foundation walls and other parts of the plaintiff's building; that the defendants unlawfully and forcibly entered upon the premises occupied by the plaintiff and obstructed the ingress to and egress from the premises and negligently caused soot, dirt, stone and other debris to be deposited on the premises. It is alleged that the plaintiff sustained damages in the sum of $50,000 by reason of the said acts of the defendants.

The demurrers are based upon the ground that causes of action have been improperly united in the complaint as follows:

1. (a) A cause of action on contract against Rapid Transit Subway Construction Company (b) with a cause of action in tort against the defendant New York Central and Hudson River Railroad Company.

2. (a) A cause of action in tort against Rapid Transit Subway Construction Company arising out of its work under the contract of July 16, 1914, with the city of New York (b) with a cause of action in tort against New York Central and Hudson River Railroad Company arising out of its work under a distinct and separate contract with the city of New York, dated January 25, 1915.

3. (a) A cause of action on contract against Rapid Transit Subway Construction Company under its contract with the city of New York, dated July 16, 1914, (b) with a cause of action on contract against New York Central and Hudson River Railroad Company under a distinct and separate contract with the city of New York, dated January 25, 1915.

4. That all of the separate causes of action do not affect all

of the defendants and are improperly united in one action, in that for the acts and omissions occurring and complained of between July 16, 1914, and January 25, 1915, no cause of action is stated against New York Central and Hudson River Railroad Company.

5. A cause of action against the defendant Rapid Transit Subway Construction Company for trespass with a cause of action against the defendant New York Central and Hudson River Railroad Company for trespass.

It is claimed by the defendants that because the action was brought prior to the enactment of the Civil Practice Act this motion must be determined under the provisions of the Code of Civil Procedure. While the issues of law were raised under the provisions of the Code, I am of the opinion that the provisions of the Civil Practice Act, later referred to herein, may, and should, be applied. Civ. Prac. Act, § 1569.

The plaintiff contends that its complaint sounds only in tort. With this contention I agree. The fact that liability for the alleged tortious acts is sought to be fastened upon these defendants by reason of provisions in the contracts between them and the city (*Smyth* v. *City of N. Y.*, 203 N. Y. 106; *Rigney* v. *N. Y. C. & H. R. R. Co.*, 217 id. 31; *Seaver* v. *Ransom*, 224 id. 233; *Schnaier* v. *Bradley Contracting Co.*, 181 App. Div. 538) does not change the character of the action. The gravamen of the complaint is the tortious conduct of the defendants. The action is no more an action in contract than is an action at common law for negligence between employee and employer where the latter is held liable by reason of the contractual relationship existing between them. The demurrers, in so far as they assert that causes of action in tort are improperly united with those in contract, must be overruled.

I am of opinion, however, that there are two separate and distinct causes of action in tort set forth under the reasoning of *Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436, 440. The allegations in the complaint as to damages caused " by blasting  *  *  * in the work of construction " are necessarily predicated upon negligence, while those relating to actual intrusion upon the plaintiff's premises sound in trespass. *Page* v. *Dempsey*, 184 N. Y. 245, 251, 252. Such causes, however, are properly united in one complaint (Civ. Prac. Act, § 258, subd. 4) and they are clearly not inconsistent with each other. The complaint is subject, therefore, to a motion under rule 90 of the Rules of Civil Practice.

The further grounds of the demurrers that causes of action in tort which arise out of separate contracts between the defendants

and the city are united, and that all of the separate causes of action do not affect all of the defendants, are also untenable. The fact that both defendants may not be liable on all the causes of action is no ground for objection, and as the plaintiff is in doubt as to which, if any, of the defendants is liable, and to what extent, for the alleged negligent blasting and acts and omissions, these defendants are properly joined. Civ. Prac. Act, §§ 211–213; *Smith* v. *Earle*, 202 App. Div. 305; *Ellicott* v. *McNeil & Sons Co., Inc.*, 206 id. 441.

The demurrers are, therefore, overruled but with leave to the defendants to plead or move within twenty days upon payment of ten dollars costs each.

Ordered accordingly.