J. PRATT CARROLL, INC., Plaintiff, Respondent, *v.* MURPHY FRUIT COMPANY OF NEW YORK, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 19, 1924.

Pleadings — complaint — allegations set forth actions for false representation in inducing plaintiff to enter into agreement and for breach of agreement — complaint improper in form and causes of action should be separately stated and numbered under Rules of Civil Practice, rule 90.

Defendant's motion for an order requiring the plaintiff to separately state and number the causes of action in his complaint for breach of contract of sale, should be granted where an examination of the complaint discloses that paragraphs 1 to 5 contain allegations intended to sustain a cause of action for fraud whereby the plaintiff entered into the contract, while in paragraph 6 *et seq.* a breach of the contract is alleged, since such a form of pleading is improper under rule 90 of the Rules of Civil Practice.

APPEAL by defendant from an order of the City Court of the city of New York denying its motion for an order requiring plaintiff to separately state and number the causes of action set forth in the complaint.

*Weinfeld & Weinfeld (Edward Weinfeld,* of counsel), for the appellant.

*Maurice B. Gluck,* for the respondent.

LEVY, J.  The complaint herein alleges:

(2) That the defendant represented it had certain cars of apples of specified quality and that it would deliver the same in New York at one dollar and sixty-five cents per box, and that the defendant would sell these cars without delay, the plaintiff to pay a deposit on each car and balance by draft upon delivery after inspection.

(3) That plaintiff acting upon the representations as set forth,

agreed to purchase the apples and agreed to deposit $100 per car; that it relied upon the statements; that said representations were false and untrue and known so to be when made by defendant; that defendant did not have the apples as represented and could not promptly and at once ship such cars.

(4) That at the close of the sale referred to of the cars of apples, the defendant willfully and with intent to defraud did present a confirmation certificate of such sale but with device made out such confirmation in the name and style of one " Harry Kaufman, Yakima, Washington & Murphy Fruit Company, agent," and requested a check for $100 for each car or the sum of $500; that the defendant well knew the fact to be that their servants and agents had sold and agreed to deliver such goods, wares and merchandise, to wit, " 5 cars, fancy rome beauties, 88's and larger," at one dollar and sixty-five cents delivered New York themselves and not as agents, and that they obtained a confirmation of sale and check with the design and intent to defraud this plaintiff and to evade liability thereunder.

(5) That the defendant did not have the aforesaid merchandise, did not have sound apples, and did not ship such apples and never did ship five cars of such apples.

(6) That the first car contained 756 boxes; that the plaintiff received and paid a certain sum; that the apples were not sound but scalded, and that the apples were sold at a loss; and in addition that the plaintiff incurred expenses in the sale of said apples.

(7) That the second, third and fourth cars were each refused as not coming up to the representations.

(8) That the fifth car was not shipped at any time.

(9) What the reasonable value of " Fancy rome beauties, 88's and larger," was at the time that such apples should have been delivered herein and promptly shipped, and that the difference in value was $756.

(10) That acting upon the representations of the defendant, the plaintiff sold the five cars of apples, and by reason thereof lost profit upon such apples and has been compelled to sell other apples and to go upon the market and to purchase other apples whereby plaintiff has been damaged in the sum of $756.

(11) That the defendant has willfully refused to return money deposited on each of said cars which were not delivered to the plaintiff and plaintiff has suffered damage by reason thereof in the sum of $400.

Before answering, the defendant applied for an order requiring the plaintiff to separately state and number the causes of action set forth in the complaint, which was denied. A careful reading of

the complaint leads to the conclusion that at least two separate causes of action are attempted to be set forth therein, one for false representations in inducing plaintiff to enter into an agreement, and a second one for breach of it. Paragraphs 1 to 5 of the complaint contain allegations intended to sustain a cause of action for fraud whereby the plaintiff entered into the contract. In paragraph 6 *et seq.* an attempt is made to set forth a cause of action for breach of contract which, while inartistically drawn, may be sustained as a separate count. Yet only one cause of action is seemingly pleaded in the complaint. Such a form of pleading has been criticized and held to be improper by the Appellate Division in the case of *Peabody, Jr., & Co., Inc.,* v. *Travelers Ins. Co.,* 206 App. Div. 206, 207, in the following language: " It is also true, as argued by defendant, that in different parts of the complaint there are found statements, more or less complete, of well-recognized causes of action; and that, ordinarily, such causes of action should be separately stated."

Rule 90 of the Rules of Civil Practice provides as follows: " Each separate cause of action, counterclaim or defense shall be separately stated and numbered and shall be divided into paragraphs numbered consecutively, each as nearly as may be containing a separate allegation   *   *   *."

The reason for this rule is stated by Page, J., writing for the Appellate Division in *Heaphy* v. *Eidlitz,* 197 App. Div. 455: "As there are two causes of action set forth they should be separately stated and numbered, that the defendants may plead or move as they may be advised with regard to each. The court at Special Term held that the defendants could easily deny both. But the defendants may have defenses to one that they have not to the other, or may have other relief as to one which would not be applicable to the other. In the present form of the complaint, the defendants could not avail themselves of these different pleadings or motions." See, also, *Stabilimento Metallurgico Ligure* v. *Joseph,* 189 App. Div. 173; *Fleitmann & Co., Inc.,* v. *Colonial Finance Corp.,* 203 id. 827, 828.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within six days after service of the order entered hereon, upon payment of costs.

BIJUR and MULLAN, JJ., concur.

Order reversed and motion granted.