Sneed, J.
This appeal is from an order denying the motion of the appellant, the Brooklyn Union Gas Company, for an order dismissing, as insufficient, the demand set forth in the answer of respondent Abgold Realty Corp., wherein it is alleged that the Brooklyn Union Gas Company is or may be liable to the respondent for the claim asserted against it in the complaint. The questioned answer was served in intended compliance with section 264 of the Civil Practice Act. That section, in part, provides that “ Where the judgment may determine the ultimate rights of the parties on the same side, as between themselves, or of a party who claims that any other party to the action is or may be liable to him * * * in the action, the party who requires such a determination must demand it in his pleading, and at least twenty days before the trial must serve a copy of his pleading upon the attorney for each of the parties to be affected by the determination * *
The question presented is whether the mere statement in the answer of one defendant that another defendant is or may be liable over to him in the action, and a demand for the determination of that claim, sufficiently complies with this provision of the Civil Practice Act; or whether he is required to set forth the facts upon which that claim is based, if they do not appear in the complaint, so that the defendant against whom the claim is made shall be advised of the issue to be met upon the trial.
This action is by tenants of a ground floor apartment in a building owned by respondent Abgold Realty Corp. to recover damages for personal injuries alleged to have been sustained and expenses incurred by them as a result of breathing illuminating gas which escaped from deteriorated and leaking gas pipes beneath the kitchen floor of their apartment. The action was brought against Abgold Realty Corp., plaintiffs’ landlord and owner of the building, one William Witkowsky, a plumber alleged to have been employed by the owner to repair the leaking pipes, and the Brooklyn Union Gas Company, the supplier of the gas.
*348 The complaint charges each and all of the defendants with negligence contributing to the happening of the accident. All defendants are so alleged to be tort-feasors in pari delicto. The complaint contains no allegations of facts establishing or tending to establish that any defendant was only passively negligent, as contrasted with another charged with active negligence.
Defendant Abgold Realty Corp. in its answer alleged “ As a basis for affirmative relief against William Witkowsky and Brooklyn Union Gas Co.” that if plaintiffs sustained injuries or damages as alleged in their complaint, through any negligence other than their own, such injuries and damages were sustained by reason of the negligence of “ the defendants William Witkowsky and Brooklyn Union Gas Co., or either of them”; that said defendants “will be primarily responsible therefor ” and that said defendants are “ bound to indemnify this defendant. ’ ’ By that pleading the defendant Abgold Realty Corp. alleged no facts to establish or to indicate the primary liability of such other defendants, but only the conclusory statements above mentioned.
Although it has been held that the requirements of pleading a cross claim under section 264 of the Civil Practice Act are not as stringent as those with respect to a pleading under third-party practice, where the party served is thereby brought into the litigation (McCreech v. Howard R. Ware Corp., 53 N. Y. S. 2d 192), such holding does not warrant sustaining as sufficient a cross claim against a codefendant under section 264 of the Civil Practice Act where neither the complaint in the action, nor the statement of the cross claim pleads any facts from which the basis of the claim for indemnity may be found or be fairly inferable. (See Tangney v. Skapof, 81 N. Y. S. 2d 831; Tannenbaum v. City of New York, 185 Misc. 611.)
The very purpose of our practice requirement that pleadings shall contain a concise statement of material facts on which the party pleading relies (Civ. Prac. Act, § 241) is to enable the party served with a pleading to prepare intelligently for trial and avoid some unforeseen construction put upon obscure allegations. (Heaphy v. Eidlitz, 197 App. Div. 455, 458.) That requirement is not satisfied by conclusory allegations. (Kalmanash v. Smith, 291 N. Y. 142,153.)
From the requirement of section 264 of the Civil Practice Act that the pleading asserting the cross claim must be served upon each of the parties to be affected by its determination at least twenty days before the trial, it is apparent that the Legislature intended that such parties should have an opportunity to prepare to meet the cross claim at the trial.
*349 A defendant, alleged in a complaint to be a tort-feasor in pari delicto with other defendants, does not set forth a sufficient cross claim against another defendant under section 264 of the Civil Practice Act unless he alleges in his pleadings the facts claimed to establish his right to indemnification ahd so apprise that other defendant of the claimed basis of the cross claim against him.
The order denying appellant’s motion to dismiss the cross claim against it should be reversed on the law, with $10 costs and disbursements, and the motion should be granted, without costs, with leave to the respondent, if so advised, to serve an amended answer within ten days after entry of the order hereon.
Johnston, Acting P. J., Adel, Wenzel and MacCbate, JJ., concur.
Order reversed on the law, with $10 costs and disbursements, and the motion granted, without costs, with leave to respondent, if so advised, to serve an amended answer within ten days after entry of the order hereon.