M. Henry Martuscello, J.
Defendants move for an order directing plaintiff to serve an amended complaint separately stating and numbering several causes of action claimed to be set forth in the complaint herein.
*234 Plaintiff alleges in his complaint that this action is brought pursuant to article 15 of the Real Property Law of the State of New York; and he substantially claims therein that he is the sole owner in fee and in possession of certain described property which in January, 1955 was jointly owned by one Michael De Pino, now deceased, and Hillard Pollack; and that in said month said owners agreed to sell and deliver title in fee to said premises in consideration of plaintiff’s paying back taxes then due on said property and also paying to the owners the sum of $1,085; and that by the terms of said agreement plaintiff was given immediate possession of the premises; and that thereafter plaintiff paid the back taxes and part of the other consideration due to said owners and in reliance upon said agreement entered into possession of the premises and made improvements thereon; and that thereafter said owners conveyed title to the premises, without consideration, to their wives, the defendants herein, who took same with knowledge of the claim -of plaintiff against the premises. The complaint also contains allegations which are appropriate for an action for specific performance and to impress a trust. In his prayer for relief plaintiff demands judgment against the defendants declaring that they have no claim or interest in the property, and for such other and further relief as may seem just.
The allegations relative to specific performance and to impress a trust do not necessarily create additional causes of action if they serve as links in the statement of plaintiff’s claim that he has an equitable interest in the property which is a prerequisite to his maintaining an action under article 15 (Karp v. Twenty-Three Thirty Ryer Corp., 185 Misc. 440; Real Property Law, § 500, subd. 4). It appears, however, that they go beyond such purpose since, following allegations appropriate for specific performance, it is alleged in paragraph 13 of the complaint, among other things, “ that except for provisions of Article 15 of the Real Property Law of the State of New York, plaintiff has no other adequate remedy. ’ ’ Such allegation is not required in a complaint brought pursuant to article 15 (Real Property Law, § 502) but is a requisite allegation to obtain specific performance (Terner v. Glickstein & Terner, 283 N. Y. 299; Simmons v. Kelly, 195 N. Y. S. 2d 425). And in paragraph 17 it is alleged that by virtue of the conveyance to the defendant wives “ a trust has resulted in accordance with the provisions of section 94 of the Real Property Law in favor of the plaintiff herein to the extent necessary to satisfy his just claim for a transfer of the title of the property to him in accordance with the further allegations herein contained.” This too is an unnecessary allegation *235 in an action brought pursuant to article 15. Under that article the court is authorized to adjudicate only existing rights of parties and cannot direct transfer of legal title by the defendants to the plaintiff (Gifford v. Whittemore, 4 A D 2d 379, 384). Hence, under the allegations of the complaint, plaintiff might properly seek in addition to a declaration of rights under article 15, a judgment decreeing specific performance and also impressing a trust on the property to the extent necessary to satisfy plaintiff’s claim; and this is so notwithstanding the allegation in the complaint that the action is brought pursuant to article 15 since said allegation is required in order to obtain relief thereunder as provided in section 502 of the Real Property Law.
Since the allegations in the complaint are such that there seem to be three distinct causes of action, namely, to quiet title under article 15, for specific performance, and to impress a trust, defendants are entitled to have each cause of action separately stated and numbered. As was pointed out in Heaphy v. Eidlitz (197 App. Div. 455, 457): “As there are two causes of action set forth they should be separately stated and numbered, that the defendants may plead or move as they may be advised with regard to each. The court at Special Term held that the defendants could easily deny both. But the defendants may have defenses to one that they have not to the other, or may have other relief as to one which would not be applicable to the other. In the present form of the complaint, the defendants cannot avail themselves of these different pleadings or motions.” If plaintiff intends to state but one cause of action, then he should plainly and concisely state the facts constituting that cause of action and leave out allegations that have no relevancy or materiality thereto (Stabilimento Metallurgico Ligure v. Joseph, 189 App. Div. 173, 178).
Accordingly, the motion is granted and plaintiff is directed to serve an amended complaint omitting the allegations above referred to and contained in paragraphs 13 and 17 of the complaint, otherwise separately stating and numbering the causes of action set forth therein. Amended complaint to be served within 10 days after service of a copy of order to be entered herein with notice of entry thereof.